UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
*Electronically Filed*

| | |
|---|---|
| QUINNE-TIFFANIE HENDERSON ) <br> AND J. WINBURN, A MINOR CHILD ) <br> ) <br> PLAINTIFFS ) <br> ) <br> v. ) <br> ) <br> OFFICER SHELBY SEARS, in his ) <br> Individual and Official Capacity, ALL ) <br> JOHN/JANE DOE OFFICERS NOT ) <br> SPECIFICALLY NAMED HEREIN THAT ) <br> WERE PRESENT ON NOVEMBER 14, ) <br> 2012 AT 427 S. CAMPBELL STREET, ) <br> JEFFERSON ) <br> COUNTY, KENTUCKY 40203, in his/her ) <br> Individual and Official Capacity, CHIEF ) <br> STEVE CONRAD, in his ) <br> Individual and Official Capacity, and ) <br> LOUISVILLE METRO GOVERNMENT ) <br> ) <br> DEFENDANTS ) | CIVIL ACTION NO. 3:13-cv-01177-JGH |

## ANSWER OF DEFENDANT SHELBY SEARS

Comes the Defendant, Officer Shelby Sears, in his Individual and Official Capacity (hereinafter "Sears"), by counsel, and for his Answer to Plaintiffs' Complaint states as follows:

1. Sears states that the allegations contained in Paragraph 1 of Plaintiffs' Complaint are legal conclusions to which no response is required. To the extent a response is required, Sears denies said allegations.

2. Sears denies the allegations contained in Paragraph 2 of Plaintiffs' Complaint.

3. Sears denies the allegations contained in Paragraph 3 of Plaintiffs' Complaint.

4. Sears denies the allegations contained in Paragraph 4 of Plaintiffs' Complaint.

1

5. In response to Paragraph 5 of Plaintiffs' Complaint, Sears admits that the events at issue in the Complaint occurred in Jefferson County and that it involved a search executed at 427 S. Campbell Street, Louisville, Kentucky. The remaining allegations in Paragraph 5 of Plaintiffs' Complaint are legal conclusions to which no response is required. To the extent a response is required, Sears denies said allegations.

6. Sears is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of Plaintiffs' Complaint, and therefore denies them.

7. Sears is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of Plaintiffs' Complaint, and therefore denies them.

8. In response to Paragraph 8 of Plaintiffs' Complaint, Sears states that he is without knowledge or information sufficient to form a belief as to the truth of the allegation that Defendants "Officers" are police officers with the Louisville Metro Police Department who were present at the scene during the incident that gives rise to the events alleged in the Complaint, and therefore denies them. Sears denies that he failed to take reasonable steps to end the unlawful conduct alleged in this complaint, and specifically denies that any Officers engaged in any unlawful conduct as alleged in the Complaint. The allegation that the "Officers" are sued in their individual and official capacities is a legal conclusion to which no response is required. To the extent a response is required, Sears denies the allegation.

9. In response to Paragraph 9 of Plaintiffs' Complaint, Sears admits that Chief Conrad was Chief of Police at the time period identified in the Complaint. Sears denies that any

unconstitutional and/or tortuous conduct occurred. The allegation that Chief Conrad is sued in his individual and official capacity is a legal conclusion to which no response is required. To the extent a response is required, Sears denies the allegation

10. Sears admits the allegations contained in Paragraph 10 of Plaintiffs' Complaint.

12. In response to Paragraph 12 of Plaintiffs' Complaint, Sears admits that Louisville Metro Government is located in Jefferson County, Kentucky and is a municipal corporation. Sears admits that Louisville Metro Government is his employer. Sears is without knowledge or information sufficient to form a belief as to the truth of the allegation that Louisville Metro Government is the employer of any other named officers, and therefore denies it.

13. Sears admits the allegations contained in Paragraph 13 of Plaintiffs' Complaint.

14. Sears is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of Plaintiffs' Complaint, and therefore denies them.

15. Sears is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of Plaintiffs' Complaint, and therefore denies them.

16. In response to Paragraph 16 of Plaintiffs' Complaint, Sears admits that he and other officers approached Ms. Henderson upon her arrival. Sears is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 16 of Plaintiffs' Complaint, and therefore denies them.

17. Sears admits the allegations contained in Paragraph 17 of Plaintiffs' Complaint.

18. In response to Paragraph 18 of Plaintiffs' Complaint, Sears admits that he showed Plaintiff Henderson a photograph of James Boyd. Sears is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 18 of Plaintiffs' Complaint, and therefore denies them.

19. Sears denies the allegations contained in Paragraph 19 of Plaintiffs' Complaint.

20. In response to Paragraph 20 of Plaintiffs' Complaint, Sears is without knowledge or information sufficient to form a belief as to the truth of the allegation as to whether Plaintiff Henderson knew the answer to Officer Sears' questions. Sears denies the remaining allegations contained in Paragraph 20 of Plaintiffs' Complaint.

21. Sears admits the allegations contained in Paragraph 21 of Plaintiffs' Complaint.

22. In response to Paragraph 22 of Plaintiffs' Complaint, Sears admits that Boyd fired a gun within extreme proximity of Sears. Sears is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 22 of Plaintiffs' Complaint, and therefore denies them.

23. Sears denies the allegations contained in Paragraph 23 of Plaintiffs' Complaint.

24. In response to Paragraph 24 of Plaintiffs' Complaint, Sears denies that he slammed Plaintiffs to the ground. Sears is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 24 of Plaintiffs' Complaint, and therefore denies them.

25. Sears is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of Plaintiffs' Complaint, and therefore denies them.

26. Sears admits the allegations contained in Paragraph 26 of Plaintiffs' Complaint.

27. Sears admits the allegations contained in Paragraph 27 of Plaintiffs' Complaint.

28. Sears denies the allegations contained in Paragraph 28 of Plaintiffs' Complaint.

29. Sears is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of Plaintiffs' Complaint, and therefore denies them.

## COUNT I

30. As to Paragraph 30 of Plaintiffs' Complaint, Sears restates and incorporates herein by reference his answers and defenses to all previous paragraphs.

31. Sears states that the allegations contained in Paragraph 31 of Plaintiffs' Complaint are legal conclusions to which no response is required.

32. Sears denies the allegations contained in Paragraph 32 of Plaintiffs' Complaint.

## COUNT II and III

33. As to Paragraph 33 of Plaintiffs' Complaint, Sears restates and incorporates herein by reference his answers and defenses to all previous paragraphs.

34. Sears denies the allegations contained in Paragraph 34 of Plaintiffs' Complaint.

35. Sears denies the allegations contained in Paragraph 35 of Plaintiffs' Complaint.

## COUNT IV

36. As to Paragraph 36 of Plaintiffs' Complaint, Sears restates and incorporates herein by reference his answers and defenses to all previous paragraphs.

37. Sears denies the allegations contained in Paragraph 37 of Plaintiffs' Complaint.

38. Sears denies the allegations contained in Paragraph 38 of Plaintiffs' Complaint

39. Sears denies the allegations contained in Paragraph 39 of Plaintiffs' Complaint.

40. Sears denies the allegations contained in Paragraph 40 of Plaintiffs' Complaint.

## COUNT V

41. As to Paragraph 41 of Plaintiffs' Complaint, Sears restates and incorporates herein by reference his answers and defenses to all previous paragraphs.

42. Sears denies the allegations contained in Paragraph 42 of Plaintiffs' Complaint.

43. Sears denies the allegations contained in Paragraph 43 of Plaintiffs' Complaint.

44. Sears denies the allegations contained in Paragraph 44 of Plaintiffs' Complaint

45. Sears denies the allegations contained in Paragraph 45 of Plaintiffs' Complaint.

## COUNT VI

46. As to Paragraph 46 of Plaintiffs' Complaint, Sears restates and incorporates herein by reference his answers and defenses to all previous paragraphs.

47. Sears denies the allegations contained in Paragraph 47 of Plaintiffs' Complaint

48. Sears denies the allegations contained in Paragraph 48 of Plaintiffs' Complaint.

## COUNT VII

49. As to Paragraph 49 of Plaintiffs' Complaint, Sears restates and incorporates herein by reference his answers and defenses to all previous paragraphs.

50. Sears denies the allegations contained in Paragraph 50 of Plaintiffs' Complaint

51. Sears denies the allegations contained in Paragraph 51 of Plaintiffs' Complaint

52. Sears denies the allegations contained in Paragraph 52 of Plaintiffs' Complaint

53. All allegations not specifically admitted herein are denied.

## FIRST DEFENSE

The Complaint fails to state a cause of action for which relief may be granted.

## SECOND DEFENSE

Chief Conrad, in his Individual Capacity, and Shelby Sears, in his Individual Capacity, are entitled to the defense of qualified immunity.

## THIRD DEFENSE

Louisville Metro, Chief Conrad, in his Official Capacity, and Shelby Sears, in his Official Capacity, are entitled to the defense of sovereign immunity on state law claims.

## FOURTH DEFENSE

Plaintiffs' injuries, if any, were caused in whole or in part by their own actions.

## FIFTH DEFENSE

Plaintiffs' injuries and damages, if any, were caused in whole or in part from intervening acts and/or superseding causes and/or third parties over which Sears has no control or for which Sears has no responsibility or liability.

## SIXTH DEFENSE

Sears expressly reserves the right to file further pleadings and to assert additional affirmative defenses as the proof develops.

**WHEREFORE**, Sears respectfully requests:

1. dismissal of Plaintiff's complaint with prejudice;

2. trial by jury;

3. costs expended herein; and

4. any and all other relief to which he appears reasonably entitled.

Respectfully submitted,

 /s/ *Kristie Alfred Daugherty*
Kristie Alfred Daugherty
Jefferson County Attorney's Office
531 Court Place, Suite 900
Louisville, KY 40202
(502) 574-2215
(502) 574-4215 – fax
kristie.daugherty@louisvilleky.gov

*Counsel for Defendants Louisville/Jefferson County Metro Government, Chief Steve Conrad, and Shelby Sears*

**CERTIFICATE OF SERVICE**

       This is to certify that on July 11, 2014, I electronically filed the foregoing with the clerk of the court by using the ECF system, which will send a notice of electronic filing to the United States District Court, Western District of Kentucky and to all counsel of record.

                                    /s/ *Kristie Alfred Daugherty*
                                ***Counsel for Defendants Louisville/Jefferson County Metro Government, Chief Steve Conrad, and Shelby Sears***